IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


UNITED STATES OF AMERICA

VS.                          CRIMINAL NO. 5:07-cr-00017-DCB-JCS

KENNY T. TYLER                                        DEFENDANT


ORDER

    This cause is before the Court on the defendant Kenny T. Tyler's Motion to Sever **(docket entry no. 82)** his trial from the trial of his co-defendants Michael E. Tyler, Keafur Wallace, Charles E. Price, John H. Dillard, Cadie M. Bunch, Larry D. Jones, and Christopher S. Walker. Having carefully considered the motion, the government's response, and being fully advised in the premises, the Court orders as follows:

    Rule 8(b) of the Federal Rules of Criminal Procedure permits defendants to be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed.R.Crim.P. 8(b). Rule 14, in turn, allows a district court to sever defendants if "it appears that a defendant or the government is prejudiced by the joinder." Fed.R.Crim.P. 14; see also Zafiro v. United States, 506 U.S. 534, 535 (1993).

    Generally, "persons indicted together should be tried together, particularly in conspiracy cases." United States v. Pettigrew, 77 F.3d 1500, 1517 (5th Cir. 1996)(citation omitted).

As the Supreme Court has recognized: "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro, 506 U.S. at 537. Nevertheless, severance should be ordered if a joint trial would be unfair and the prejudice created by the joint trial is of the type "which the trial court was able to afford protection [to the defendants]." Pettigrew, 77 F.3d at 1517 (quotations and citations omitted).

The defendant Kenny T. Tyler is charged in two counts of a seventeen-count indictment: Count Two charges Kenny T. Tyler, M. Tyler, Wallace, Price, Dillard, Tommie L. Shepperd[1], Bunch, Jones, and Walker with conspiracy to distribute a Schedule II controlled substance, as prohibited by  21 U.S.C. § 841(a)(1), and in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; and Count Seventeen seeks criminal forfeiture pursuant to 21 U.S.C. § 853 against Kenny T. Tyler, M. Tyler, Wallace, Price, Dillard, Shepperd, Bunch, Jones, and Walker.

Kenny T. Tyler has moved for severance because he believes that if he is tried with his co-defendants, he will be unduly prejudiced. The movant asserts two main arguments in support of his claim of prejudice. The first argument entails the failure of the indictment to charge him on any substantive count other than conspiracy. The second argument is that evidence will be

---

[1] Shepperd was indicted with the defendants mentioned above; however, he is currently at large so he is not a defendant in the present case.

introduced showing the criminal actions of the co-indictees, and that evidence will be irrelevant with regard to him.

The Fifth Circuit has held that a defendant is not entitled to severance simply because he is charged with only one count of a multiple count indictment. Gordon v. United States, 438 F.2d 858, 878 (5th Cir. 1971). In Gordon, the defendant Fanning was indicted on one count of conspiracy, but the indictment included seven substantive charges against other defendants. Id. at 878. The district court denied Fanning's Motion for Severance, and the Fifth Circuit affirmed. The court of appeals held, "a conspiracy count may be joined with the substantive offenses which are its objects," and each defendant "need not be charged in each count." Id. at 878. Moreover, in United States v. Perez, 189 F.3d 51, 67 (5th Cir. 1973), the Fifth Circuit held that failure to name all defendants in the substantive counts of an indictment, especially in cases "where evidence relied upon to establish the conspiracy embraces the substantive counts of the indictment," does not warrant severance. Accordingly, the defendant's first argument is without merit.

His remaining argument presents a "guilt by association" theory of prejudice. The Fifth Circuit has held, however, that "[n]either a quantitative disparity in the evidence nor a prejudicial spillover effect is sufficient in and of itself to warrant a severance." United States v. Broussard, 80 F.3d 1025,

3

1037 (1996); See also United States v. Dale, 374 F.3d 321, 325 (5th Cir. 2004); United States v. Mitchell, 31 F.3d 271, 276 (5th Cir.), cert. denied, 513 U.S. 977 (1994). In United States v. Stotts, 792 F.2d 1318, 1322 (5th Cir. 1986), the court held that the defendant was not entitled to severance in a conspiracy prosecution "merely because the co-defendant is more culpable th[a]n he."

Additionally, in United States v. Thompson, 253 F.3d 700, 2001 WL 498430, *2 (5th Cir. 2001), an unpublished Fifth Circuit opinion, two defendants were denied severance on drug distribution and money laundering charges even though the other co-defendants were charged with the more serious crime of murder.[2]  The two defendants claimed that the amount and graphic nature of the murder evidence would be extremely prejudicial to their rights to a fair trial.  The district court denied the motion to sever and issued a limiting instruction to the jury.  The Fifth Circuit  found that the limiting instructions minimized any potential prejudice and affirmed the district court's denial of the motion to sever.  Id. at *3.

In the present case, the defendant has alleged nothing more than guilt by association.  As explained above, the guilt by association argument alone is not a sufficient ground for proving prejudice.  Accordingly,

---

[2] In fact, the other defendants were charged with four murders.

4

IT IS HEREBY ORDERED that the defendant Kenny T. Tyler's Motion to Sever **(docket entry no. 82) is DENIED.**

SO ORDERED, this the __13th__ day of July, 2007.


                                 ___s/ David Bramlette___
                                 UNITED STATES DISTRICT JUDGE